# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS W. BARKER,

    Appellant,

     v.

DEPARTMENT OF THE ARMY,

    Agency.

DOCKET NUMBER
DC-0752-15-1056-I-1

DATE: May 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>M. Jefferson Euchler</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Michael E. Hokenson</u>, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition or the cross petition for review. Therefore, we DENY both the petition for review and the cross petition for review. Except as expressly MODIFIED to recognize and apply the proper standards for the appellant's disability discrimination and equal employment opportunity (EEO) retaliation claims, we AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant was employed as a Photographer in the agency's National Ground Intelligence Center (NGIC), a subordinate command of the Army Intelligence Security Command. On September 19, 2014, the agency proposed his removal based on charges of conduct unbecoming a Federal employee and lack of candor. Initial Appeal File (IAF), Tab 5 at 160-62. In the first charge, the agency alleged that, on or about August 26, 2014, while taking a passport photo of another NGIC employee, the appellant stated words to the effect of, "They are pushing me over the edge. You think they would be more concerned about that with all these shootings." The agency asserted that the appellant's statements caused immediate alarm and were particularly disgraceful conduct in light of a very recent shooting incident that had happened at Fort Lee, Virginia, as well as several others during the previous months. *Id.* at 161. In the second charge, the agency alleged that, in his September 5, 2014 statement to the NGIC Commander

about his comment to the other NGIC employee, the appellant claimed that he actually stated words to the effect of, "It seems that NGIC management is trying to push me over the edge. You would think they would be more concerned about this with the Post shootings, and the high incidents of suicide in the Army because of toxic leadership." The agency asserted that, based on that statement, it was clear that the appellant was attempting to diminish the actual alarming nature of his original comments. *Id.* In proposing the action, the agency considered the appellant's prior 14-day suspension, also for conduct unbecoming a Federal employee for threatening his supervisor and lack of candor. *Id.* Following the appellant's oral reply, *id.* at 149-50, the agency issued a decision letter sustaining the charges and finding removal warranted to promote the efficiency of the service, *id.* at 165-70.

¶3     On November 17, 2014, the appellant challenged the action by filing an EEO complaint in which he alleged that the action was due to discrimination based on a perceived mental disability and in retaliation for his prior EEO activity, specifically, an earlier EEO complaint in which he also alleged disability discrimination based on a perceived mental disability. *Id.* at 27-30. On July 21, 2015, the agency issued a final agency decision finding no discrimination or retaliation. *Id.* at 486-98. On appeal of that decision, the appellant denied the charges, claiming that his statements were taken out of context. IAF, Tab 1 at 5. He also renewed his claim that, in taking this action, the agency discriminated against him on the basis of a perceived mental disability, *id.*, and subsequently, he renewed his claim that the agency retaliated against him for his prior EEO activity, IAF, Tab 27 at 5. He requested a hearing. IAF, Tab 1 at 2.

¶4     Thereafter, the administrative judge issued an initial decision. IAF, Tab 31, Initial Decision (ID). She sustained the conduct unbecoming charge, finding that, even though the words the appellant admitted saying differed somewhat from the words ascribed to him by the other NGIC employee, the agency was only required to prove the essence of the charge and that, in any case, it had only charged the

appellant with stating words "to the effect of." ID at 6-10. The administrative judge did not sustain the lack of candor charge, however, finding that, given the context of the day (the previous base shootings) and the conversation in which the appellant was engaged, the words he used in his September 5, 2014 written statement had essentially the same effect as the words the agency charged him with saying. ID at 10-12. The administrative judge next found that the appellant failed to prove his claims of discrimination based on a perceived mental disability and retaliation for EEO activity. ID at 12-15. She found that the agency established a nexus between the sustained charge and the efficiency of the service, ID at 15-16, and that the removal penalty was within the bounds of reasonableness, ID at 18-21. Accordingly, she sustained the agency's action. ID at 1, 21-22.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, to which the agency has responded, PFR File, Tab 5. The agency has filed a cross petition for review, PFR File, Tab 5, to which the appellant has responded, PFR File, Tab 7.

## ANALYSIS

The administrative judge correctly sustained the conduct unbecoming charge.

¶6    In his petition for review, the appellant disputes the administrative judge's sustaining of the conduct unbecoming charge, asserting that it is "absurd" that the conversation he had with the other NGIC employee, which was not intended or taken as hostile or threatening, should result in removal. PFR File, Tab 3 at 8-9. As discussed below, we find that the administrative judge properly sustained the charge.

¶7    A charge of "conduct unbecoming" has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). An agency is not required to affix a label to a charge of misconduct

but may simply describe actions that constitute misbehavior in narrative form and have its discipline sustained if the efficiency of the service suffers because of the misconduct. *Otero v. U.S. Postal Service*, [73 M.S.P.R. 198](#), 202 (1997). Based on a slight inconsistency in the other NGIC employee's testimony at the hearing and considering the appellant's consistency and demeanor, the administrative judge found that the agency did not prove that the appellant said verbatim that "[t]hey are pushing me over the edge. You think they would be more concerned about that with all these shootings." ID at 9-10. However, because the agency only charged the appellant with stating "words to the effect of," IAF, Tab 5 at 161, and because the statement he admitted making was close enough to the charged version, the administrative judge found that the agency had proven the essence of the charge, which was all that was necessary, ID at 10.

¶8        The appellant argues that the deciding official actually construed the appellant's misconduct as threatening workplace violence and that the Board may not substitute its judgment by considering the charge to be conduct unbecoming. PFR File, Tab 3 at 10-11. In this regard, the appellant refers to the deciding official's testimony that he regarded the appellant's conduct as "unbecoming" because "[i]t was a threat of workplace, you know, violence." Hearing Transcript (HT) at 110-11 (testimony of the deciding official). In determining how adverse action charges are to be construed, the Board will examine the structure and language of the proposal notice. *Williams v. Department of the Army*, [102 M.S.P.R. 280](#), ¶ 5 (2006). Here, the charge was conduct unbecoming a Federal employee, and the narrative description of the actions that constituted the charged misconduct explains why the agency deemed the appellant's statements to be unbecoming a Federal employee. IAF, Tab 5 at 161. That narrative does not describe the appellant's statements as threatening. *Id.* Therefore, despite the deciding official's lone statement during the hearing, we find that, taken as a whole and considering the entire proposal notice, the agency did not charge the appellant with making a threat. *Pinegar v. Federal Election Commission*,

105 M.S.P.R. 677, ¶ 28 (2007) (finding that, when an agency charged an employee with making inappropriate remarks, it was not required to prove that the remarks constituted a threat). We agree with the administrative judge that the agency was not required to prove that the appellant intentionally made a threat under *Metz v. Department of the Treasury*, 780 F.2d 1001, 1004 (Fed Cir. 1986).[2]

¶9      The appellant also argues that his remarks do not constitute conduct unbecoming a Federal employee. PFR File, Tab 3 at 9. As noted, in addition to proving that the appellant committed the acts in support of the charge, the agency also must prove that his misconduct adversely impacted the efficiency of the service. *Canada*, 113 M.S.P.R. 509, ¶ 10. Here, the administrative judge found that the appellant's remarks were inappropriate because a reasonable person might have understood him to be implying that management should cease "pushing" him, and others, or else he, or they, might become violent and that, because the Government has a legitimate interest in ensuring that employees do not engage in inappropriate conduct during work hours, there was a nexus between the sustained charge and the imposition of discipline. ID at 15-16. These findings are supported by the record evidence. HT at 68 (testimony of the proposing official), 142 (testimony of the Security Officer). It is true that the individual who heard the appellant's remarks was not concerned that he was going to become immediately violent.[3] HT at 51 (testimony of the other NGIC employee). Notwithstanding, the agency was not thereby precluded from taking action against the appellant under this charge because of the way it perceived his

---

[2] The U.S. Court of Appeals for the Federal Circuit held in *Metz* that, in deciding whether statements constitute threats, the Board is to apply the reasonable person criterion, considering the listeners' reactions and apprehensions, the wording of the statements, the speaker's intent, and the attendant circumstances. *Metz*, 780 F.2d at 1002.

[3] However, after the other NGIC employee told his supervisor about the comment, he was directed to report the matter to the Security Division, which he did, HT at 43 (testimony of the other NGIC employee), and, according to him, that direction itself caused him concern, IAF, Tab 5 at 205.

remarks, especially considering his acknowledgment that he was upset by work pressures that day and given the climate within the workplace at the time, specifically, the general awareness of the recent shooting at Fort Lee and other such shootings. Under the circumstances, we agree with the administrative judge that the agency proved the essence of the charge of conduct unbecoming, *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014), including showing that the appellant's conduct adversely impacted the efficiency of the service, *Canada*, 113 M.S.P.R. 509, ¶ 10.

The administrative judge correctly did not sustain the lack of candor charge.

¶10        In its cross petition for review, the agency argues that the appellant's September 5, 2014 statement to the NGIC Commander was inconsistent with his prior statement and establishes a lack of candor because it reflected, on the appellant's part, an attempt to minimize or mischaracterize the nature of his actual statements on or about August 26, 2014. PFR File, Tab 5 at 13. As discussed below, we find no error in the administrative judge's conclusion regarding the lack of candor charge and thus deny the agency's cross petition for review.

¶11        A charge of lack of candor requires proof of the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002); *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). The administrative judge did not sustain this charge, reasoning that the appellant's statement to the other agency employee and his subsequent statement to the NGIC Commander had the same effect or meaning. ID at 11-12. We agree and find that, under the circumstances, the appellant did not, in his September 5, 2014 statement, knowingly give incorrect or incomplete information so as to support a lack of candor charge. *Fargnoli*, 123 M.S.P.R. 330, ¶ 17.

<u>The administrative judge properly found that the appellant failed to establish his affirmative defenses.</u>

¶12    We first address the appellant's claim that the agency discriminated against him because it regarded him as suffering from a mental disability. On review, the appellant argues only that this affirmative defense should be sustained because there is no credible basis for the agency's taking this action unless it was based on disability discrimination. PFR File, Tab 3 at 9. Based on our review, we agree with the administrative judge that the appellant failed to prove his affirmative defense.

¶13    The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008. *Id.* To prove disability discrimination under the ADA, the appellant must establish that he is an individual with a disability as that term is defined in the ADA and Equal Employment Opportunity Commission regulations. *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 24 (2015). He may prove that he has a disability by showing that he (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1); *Thome*, 122 M.S.P.R. 315, ¶ 24; 29 C.F.R. § 1630.2(g)(1). It is the third category that is at issue in this case.

¶14    The administrative judge correctly found that an individual meets the requirement of "being regarded as having such an impairment" if he establishes that he has been subjected to a prohibited action because of an actual or perceived physical or mental impairment that is not both "transitory and minor." ID at 13; *see Southerland v. Department of Defense*, 117 M.S.P.R. 56, ¶ 26 (2011) (citing

42 U.S.C. § 12102(3), 29 C.F.R. §§ 1630.2(g)(1)(iii), 1630.2(*l*)(2)), *overruled on other grounds by Pridgen*, 2022 MSPB 31, ¶ 47; *see also* 29 C.F.R. § 1630.2(j)(2). The administrative judge addressed the appellant's argument that the agency perceived him as disabled because "he was sent to a fitness for duty doctor, an [Employee Assistance Program (EAP)] counselor, and two psychiatrist[s]." ID at 12; IAF, Tab 4 at 5. The administrative judge also considered the testimony of the appellant's second-line supervisor during the time of the misconduct that formed the basis for his 2012 suspension to the effect that (1) he had concerns at that time that the appellant may have potentially harmed himself or others, but (2) although he did not direct the appellant to see a doctor at the Fort Belvoir Community Hospital, the appellant provided him with a report from a doctor who, after a brief mental health consultation, concluded that the appellant did not pose a threat, and (3) the appellant told him that he had sought help from the EAP. ID at 12; HT at 14-15 (testimony of the second-line supervisor). The administrative judge also considered the proposing official's testimony that he reviewed a report that the appellant provided him from a psychiatrist who, after a 2013 examination in connection with the suspension of the appellant's security clearance, found no indications of any significant issues with his mental health. ID at 14; HT at 61-62 (testimony of the proposing official); IAF, Tab 4 at 13-31. Under the circumstances, we agree with the administrative judge that the appellant failed to prove that any agency official believed he had a mental impairment that was not minor and transitory and that he thereby failed to establish that he was disabled.[4] ID at 14.

---

[4] Because the appellant failed to show that he was disabled, he was not required to show that he was an otherwise qualified individual with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29. However, even if the appellant did establish that he was disabled by virtue of the agency's perception of him as such and even though it appears that he was qualified because he was able to perform his duties as a Photographer, the administrative judge correctly found that the appellant failed to show that any such prohibited consideration was a motivating factor in his removal. *Id.*, ¶ 31; ID at 13-14. Accordingly, we do not reach the question of whether

¶15    We next address the appellant's claim on review that the agency retaliated against him based on his prior EEO activity. PFR File, Tab 3 at 9. As with his claim of disability discrimination, the appellant argues on review only that this affirmative defense should also be sustained because there is no credible basis for the agency's taking this action unless it was based on a perception that he needed to be punished for having raised disability discrimination issues in his earlier EEO complaint. PFR File, Tab 3 at 9.

¶16    In analyzing this claim, the administrative judge applied the standard for an affirmative defense of discrimination or retaliation under 42 U.S.C. § 2000e-16, i.e., Title VII discrimination or retaliation claims involving race, color, religion, sex, or national origin. In so doing, the administrative judge found that the appellant failed to show that his engagement in protected activities was a motivating factor in the personnel action. ID at 14-15. While we agree with the administrative judge's conclusion as to this retaliation claim, we modify her analysis to reflect the proper causation standard.

¶17    Complaining of disability discrimination is an activity protected by the ADA under its anti-retaliation provision which prohibits discriminating against any individual "because such individual" has engaged in protected activity. 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶ 44. The Board recently examined the appropriate standard of proof for such cases and clarified that the "but-for" causation standard applies to ADA retaliation claims. *Pridgen*, 2022 MSPB 31, ¶¶ 45-47. That standard requires proof that the unlawful retaliation would not have occurred in the absence of the alleged action or actions of the employer. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360-62 (2013).

¶18    Turning back to the appellant's argument on review, we are not persuaded that the only plausible explanation for his removal was his 2013 EEO complaint

---

discrimination was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 40-42

in which he raised disability discrimination. PFR File, Tab 3 at 9. The administrative judge found that the agency's selected penalty was within the bounds of reasonableness, and, as set forth below, we agree. Other than holding the appellant to the lower motivating factor standard, we discern no error in the administrative judge's reasoning. Therefore, we affirm the administrative judge's finding, as modified, to find that the appellant did not prove that his protected activity was a "but-for" cause of his removal.

The administrative judge properly found that removal is a reasonable penalty for the sustained charge.[5]

¶19     On review, the appellant argues that the administrative judge erred in her penalty analysis by relying on the potential of the appellant's remarks to be taken as threatening when the agency did not charge him with making a threat and that his remarks themselves do not support removal. PFR File, Tab 3 at 12-13. As discussed below, we disagree.

¶20     When, as here, not all of the agency's charges are sustained, the Board will consider carefully whether the sustained charge merited the penalty imposed by the agency. *Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 6 (2010). The Board may impose the maximum reasonable penalty for the sustained misconduct, so long as the agency has not indicated in either its final decision or in the proceedings before the Board that it desires that a lesser penalty be imposed on less than all of its charges.[6] *Id.* However, in its consideration of

---

[5] The appellant did not challenge on review the administrative judge's finding that the agency established that a nexus exists between the charged misconduct and the efficiency of the service. PFR File, Tab 3. We discern no basis upon which to dispute this finding. *Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding a direct connection to the efficiency of the service when the misconduct occurred at work).

[6] The agency did not indicate in its letter of decision or during proceedings before the Board that it desired that a lesser penalty be imposed on fewer charges. IAF, Tab 5 at 165.

the penalty, the Board may not disconnect its penalty determination from the agency's managerial will and primary discretion in disciplining employees. *Id.*

¶21    In considering the penalty for the conduct unbecoming charge, the administrative judge first considered the nature and seriousness of the misconduct and its relation to the appellant's duties and responsibilities, including whether the offense was intentional or was frequently repeated.  ID at 17.  She credited the other NGIC employee's testimony that he did not consider the appellant's remarks to be threatening, but rather concerning, *id.*; HT at 43 (testimony of the other NGIC employee), and the proposing official's testimony that, when he heard what the appellant had said, he did not know if he was going to become violent but that he took the comments as an implied threat and that the remarks were not conducive to a good work environment and not good for morale.  ID at 17-18; HT at 67-68, 77 (testimony of the proposing official).  Although the administrative judge credited the appellant's testimony that he had no intent to make any sort of threat, she found that a reasonable person in the other NGIC employee's situation might have interpreted the remarks as a threat and found that, when the Security Officer and the appellant's superiors learned of the remarks,[7] they reasonably took them as a threat, not only because of the words themselves but also because of the appellant's past record.  ID at 18.

¶22    We have found that the agency charged the appellant with conduct unbecoming and not with making a threat.  Notwithstanding, the threatening nature of the appellant's comments may be an appropriate consideration in determining the penalty.  *Brough v. Department of Commerce*, 119 M.S.P.R. 118, ¶ 12 n.2. (2013); ID at 6-7.  Therefore, we find that the administrative judge did not err in her review of the reasonableness of the agency-imposed penalty when she considered what the agency perceived as the threatening nature of the appellant's comments.

---

[7] The reactions of the appellant's supervisors and the Security Officer are no less valid simply because they did not hear the appellant's statements firsthand.

¶23        The administrative judge also considered the appellant's past record, which included a 14-day suspension in 2013 for threatening to kill his supervisor.[8]  She also considered the appellant's challenge to the agency's reliance on the prior suspension but found that it was an aggravating factor in this case because it met the *Bolling* criteria[9] and because, after reviewing the documentary evidence, she was not left with the firm conviction that a mistake had been committed.[10]  ID at 18-21.  We agree and find that the administrative judge did not err in considering the appellant's past record as an aggravating factor in the instant action.  We note further that in the letter of decision in that prior suspension, the agency specifically warned the appellant that, in the future, making inappropriate comments, even in the heat of the moment, would not be tolerated.  IAF, Tab 5 at 449; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1980) (finding that, in reviewing an agency-imposed penalty, it is appropriate to

---

[8] After conducting an investigation into this alleged statement, the agency concluded that the appellant had, in fact, expressed thoughts of wanting to kill his supervisor, that in denying it, he exhibited a lack of candor during the investigation, and that his supervisor had not created a hostile work environment, as the appellant had claimed. IAF, Tab 5 at 366.  The agency also indefinitely suspended the appellant pending a final decision on his security clearance but subsequently rescinded the action and returned him to the status quo ante.  The appellant's Board appeal of that action was dismissed as moot. *Barker v. Department of the Army*, MSPB Docket No. DC-0752-13-0236-I-1, Initial Decision at 2 (June 14, 2013); IAF, Tab 5 at 432.

[9] The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981).

[10] The administrative judge noted her disagreement with the proposing official's statement that the appellant's remarks to the other NGIC employee were his second instance of making a threatening statement in less than 2 years, finding that the agency did not charge the appellant with making a threat, but she nevertheless found that his statements were reasonably interpreted as a threat by his superiors and others and that he should have known that his remarks could have been interpreted that way and caused a disruption to the workplace.  ID at 21.

consider the clarity with which the employee has been warned about the conduct in question).

¶24    Finally, we find no error in the agency's, and the administrative judge's, consideration of the circumstances surrounding the appellant's remarks, including the timing.  As noted, there had been a shooting at Fort Lee just days before and several other such shootings in the recent past.  IAF, Tab 5 at 469-84.  The administrative judge found based on the testimony of the other NGIC employee, the appellant, and the proposing official that those shootings were and had been, understandably, a topic of conversation within the workplace.  ID at 12 n.3. Bearing in mind that the Board's function regarding its review of an agency's penalty selection is not to displace management's responsibility but to determine whether it exercised its judgment within the tolerable bounds of reasonableness, *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 21 (2008), we agree with the administrative judge that the sustained charge merits the removal penalty imposed by the agency.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for

---

[12]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.